UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| DR. LARRY LYTLE, | ) | CIV. 13-5083-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| UNITED STATES DEPARTMENT OF | ) | |
| HEALTH AND HUMAN SERVICES, | ) | |
| FOOD AND DRUG ADMINISTRATION, | ) | |
| CHIEF TYRA WISECUP, | ) | |
| COMPLIANCE DEPARTMENT, | ) | |
| INSPECTOR JESSICA L. JOHNSON, | ) | |
| CONSUMER SAFETY OFFICER | ) | |
| COURTNEY R.A. TIEGS, and John | ) | |
| and Jane Does 1-100, | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the court is plaintiff's verified petition for a temporary restraining order ("TRO").  (Docket 2).

> [Plaintiff seeks a TRO from the court] ordering the FDA to cease and desist from conducting any planned searches or seizures of any inventory, research or business records (paper or electronic), office or research equipment, Petitioner's personal or any of the above referenced PMAs' bank accounts until such time as this Court rules on the Petition for Declaratory Judgment . . . and declares that 2035 PMA, QLaser Solutions PMA, QLasers PMA, Laser Wellness PMA, and Energy for Life PMA **are not controlled by the FDA or the United States** as lawful private membership associations created by people pursuant to private contracts; and, that pursuant to those contracts, the PMAs are not subject to the Public Law creating the FDA, and that the FDA has no authority to attempt to submit the above mentioned PMAs to the regulations implementing or explaining the statutes that the FDA is authorized to enforce; or to the FDA's internal rules; *unless* the FDA brings to this Court, or to any other court of competent jurisdiction and proper venue, conclusive documentary evidence or competent sworn testimony conclusively

> proving that one or more of the above-referenced PMAs has created a "substantive evil" that this Court or another court must address; that the Court sanctions the FDA agents, employees, officers, or officials who signed the affidavits supporting the applications for the warrants and those who served and executed the warrants; and, that the Court orders the FDA to forthwith return to Petitioner all brochures, books, invoices, serial numbers of products, the personal notes of all investigators involved in the searches complained of herein, any and all other information relevant to the searches and any and all copies thereof relevant to 2035 PMA, QLaser Solutions PMA, QLasers PMA, Laser Wellness PMA, Energy for Life PMA, and any other PMA the FDA received documents concerning or information on and removed same from Petitioner's offices; and, for any and all further relief that the Court finds appropriate or just.

(Docket 2 at pp. 10-11) (emphasis in original). Dr. Lytle also "takes exception to Court's exercise of jurisdiction over 2035 PMA, QLaser Solutions PMA, QLasers PMA, Energy for Life PMA, and any other PMA created by Petitioner . . . ." (Docket 2 at p. 2).

On December 12, 2013, the court filed an order setting a hearing for Monday, January 6, 2014. (Docket 5). On December 23, 2013, the court filed a notice to plaintiff. (Docket 7). The notice provided:

> NOTICE IS HEREBY GIVEN that "[w]hile Mr. Lytle is entitled to represent himself, he is not permitted to represent others. [These] private associations may only make an appearance in federal district court through a licensed attorney admitted to practice in this court." Lytle v. Berg, District of South Dakota, Western Division, 05:11-cv-5089-JLV, Docket 20 at p. 5 (citing Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States."); Joshua Building Trust v. Clementi, 78 F.3d 588 (8th Cir. 1996) (Table) ("A non-lawyer trustee may not represent a trust pro se in federal court.").

Id. at pp. 1-2.  On December 30, 2013, plaintiff filed a verified petition for reconsideration of the court's notice to plaintiff.  (Docket 10).   The court denied the motion for reconsideration.  (Docket 11).

The United States filed a motion to dismiss plaintiff's verified petition for a declaratory judgment and opposition to plaintiff's verified petition for a temporary restraining order and a supporting brief.  (Dockets 8 & 9).  By the local rules, plaintiff has until Monday, January 20, 2014, to file his response to defendants' motion to dismiss.  D.S.D. Civ. LR 7.1(B).  On January 6, 2014, plaintiff filed a second verified petition for reconsideration of the court's notice to plaintiff.  (Docket 12).

On January 6, 2014, the court held a hearing on plaintiff's motion for a TRO.  Plaintiff Dr. Larry Lytle, pro se, appeared in person.  Camela C. Theeler, Assistant United States Attorney, and Sonya Nath, counsel for the Food and Drug Administration, appeared by conference call.  At the onset of the hearing the court advised the parties the court would only consider plaintiff's motion for a TRO and would not address defendants' motion to dismiss until plaintiff filed his response as required by the local rules.

Prior to considering plaintiff's motion for a TRO, Dr. Lytle sought a ruling on the second verified petition for reconsideration of the court's notice to plaintiff.  (Docket 12).  The court orally denied the motion for the same reasons cited in Lytle v. Berg, District of South Dakota, Western Division, 05:11-cv-5089-JLV, and the absence of case law to the contrary.  "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993).  "[S]ave

3

in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." Id. at 202. The United States Court of Appeals for the Eighth Circuit is not one which has embraced a "few aberrant case[s]." A non-lawyer may not represent a corporation in federal court. Steele v. City of Bemidji, 257 F.3d 902, 905 (8th Cir. 2001).

    The court made it clear to Dr. Lytle that he could proceed with his motion for a TRO pro se as an individual, but the court would not allow Dr. Lytle, as a non-lawyer, to represent the private membership associations identified in the pleadings. In response to the court's ruling, Dr. Lytle orally moved for a continuance of the hearing on the motion for a TRO to allow plaintiff to file an interlocutory appeal to the United States Court of Appeals for the Eighth Circuit on Dr. Lytle's claim he can represent private membership associations pro se. The government had no objection to Dr. Lytle's motion to continue the hearing. Based upon plaintiff's oral motion, it is hereby

    ORDERED that plaintiff's motion (Docket 14) to continue the hearing on plaintiff's motion for a TRO is granted.

    IT IS FURTHER ORDERED that plaintiff's second verified petition for reconsideration (Docket 12) is denied.

    IT IS FURTHER ORDERED that the court denies plaintiff's implied request to certify the case for interlocutory appeal on the issue of pro se representation of private membership associations because the court's order does not "involve[] a controlling question of law as to which there is substantial ground for difference of opinion [or] that an immediate appeal from the order

may materially advance the ultimate termination of the litigation" as required by 28 U.S.C. § 1292(b).

IT IS FURTHER ORDERED that plaintiff's interlocutory appeal, if one is taken, does not stay, suspend, or delay plaintiff's obligation to respond on or before **Monday, January 20, 2014**, to the defendants' motion to dismiss. (Docket 8).

Dated January 7, 2014.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE